UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| 395 LAMPE, LLC, | ) |
| Plaintiff, | ) 3:12-cv-0358-LRH-WGC |
| v. | ) |
| DESERT RANCH, LLLP; et al., | ) ORDER |
| Defendants. | ) |

Before the court is plaintiff 395 Lampe, LLC's ("Lampe") motion to remand. Doc. #13.[1]

## I.   Facts and Procedural History

Plaintiff Lampe is a Nevada company. In April 2008, defendant Blixseth, a Washington citizen, executed a promissory note for ten million dollars ($10,000,000.00) in favor of Lampe. Blixseth then defaulted on the promissory note.

After default, Lampe, Blixseth and non-party Overlook Partners, LLC ("Overlook Partners") entered into an agreement on May 5, 2008 ("the Note Agreement"). As part of the Note Agreement, Blixseth assigned a promissory note from Overlook Partners to Lampe and signed a continuing guaranty on that promissory note.

Ultimately, Lampe did not receive the funds owed and filed the underlying action in state court.

---

[1] Refers to the court's docket entry number.

1  Defendant Blixseth removed this action to federal court on the basis of diversity jurisdiction. Doc. #1.
2  Thereafter, Lampe filed the present motion to remand. Doc. #13.

3  **II.    Legal Standard**

4  Under 28 U.S.C. § 1441, "any civil action brought in a State court of which the district courts of
5  the United States have original jurisdiction, may be removed by the defendant or the defendants, to the
6  district court of the United States for the district and division embracing the place where such action is
7  pending." 28 U.S.C. § 1441(a).

8  Removal of a case to a United States district court may be challenged by motion. 28 U.S.C. §
9  1441(c). A federal court must remand a matter if there is a lack of jurisdiction. *Id*. Removal statutes are
10 construed restrictively and in favor of remanding a case to state court. *See Shamrock Oil & Gas Corp.*
11 *v. Sheets*, 313 U.S. 100, 108-09 (1941); *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). On a
12 motion to remand, the removing defendant faces a strong presumption against removal, and bears the
13 burden of establishing that removal is proper. *Gaus*, 980 F.2d at 566-67; *Sanchez v. Monumental Life*
14 *Ins. Co.*, 102 F.3d 398, 403-04 (9th Cir. 1996).

15 **III.   Discussion**

16     **A. Diversity Jurisdiction**

17 A district court has original jurisdiction over civil actions where the suit is between citizens of
18 different states and the amount in controversy, exclusive of interest and costs, exceeds $75,000. 28
19 U.S.C. § 1332(a).

20 Here, Blixseth argues that there is complete diversity between the parties because plaintiff Lampe
21 is a citizen of the State of Nevada while defendants are citizens of Oregon and Washington. *See* Doc.
22 #27. The court agrees.

23 Defendant Desert Ranch, LLLP, is a limited liability limited partnership. An unincorporated
24 association, such as a partnership, is a citizen of all states where it has members. *Johnson v. Columbia*
25 *Properties Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006). The members of Desert Ranch are

26

defendant Blixseth, and Desert Ranch Management, LLC ("DRM"), a Nevada limited liability company. "[L]ike a partnership, an LLC is a citizen of every state of which its owners are citizens." *Id*. The owners of DRM are Blixseth; Beau M. B Blixseth, a citizen of Oregon; and two family trusts which are citizens of Oregon. Thus, there is complete diversity between the parties. Therefore, the court finds that the exercise of diversity jurisdiction is appropriate and shall deny Lampe's motion to remand.

### B. Proper Venue

Lampe argues, in the alternative, that even if there is complete diversity between the parties, this actions should still be remanded to state court because the venue provision in the agreement mandates a state court venue. *See* Doc. #13. Paragraph 14 of the Note Agreement specifically provides that "venue for any action or suit to interpret [or] enforce any provisions of this Agreement shall be *in* Douglas or Washoe County, Nevada." Doc. #13, Exhibit 1, ¶14 (emphasis added). Lampe interprets this provision to require a state court in Douglas or Washoe County.

The court has reviewed the documents and pleadings on file in this matter and disagrees. The use of the word *in* mandates that the action be physically brought in either Douglas or Washoe County, Nevada. *See Alliance Health Grp., LLC v. Bridging Health Options, LLC*, 553 F.3d 397, 399-400 (5th Cir. 2008) (clause stating that "exclusive venue for any litigation related hereto shall occur in Harrison County, Mississippi" mandated venue "*in* Harrison County" but "in either federal or state court, because a federal courthouse is located in that county"). This court is located in Washoe County. Therefore, venue is proper in this court.

Lampe's interpretation, in contrast, would require the court to rewrite the Note Agreement to specify venue in a court *of* Douglas or Washoe County, a term which is specifically limited to state courts. *See Doe 1 v. AOL LLC*, 552 F.3d 1077, 1081-82 (9th Cir. 2009) ("We hold that the forum selection clause at issue here - designating the courts *of* Virginia - means the state courts *of* Virginia only; it does not also refer to federal courts *in* Virginia.") (emphasis added). As contractual forum selection clauses are "prima facie valid" and enforceable, the court shall not rewrite the contractually agreed upon language.

3

1  *See M/S Bremen v. Zapata Offshore Co.*, 407 U.S. 1, 10 (1972). Accordingly, the court shall deny the
2  motion to remand.

4      IT IS THEREFORE ORDERED that plaintiff's motion to remand (Doc. #13) is DENIED.
5      IT IS SO ORDERED.
6      DATED this 29th day of October, 2012.

                                                                                     _____
                                                                                     LARRY R. HICKS
                                                                                     UNITED STATES DISTRICT JUDGE